IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| VS. | :    **1:22-CR-37-005 (LAG)** |
| | : |
| KENYA WHITEHEAD, | : |
| | : |
| Defendant. | : |

## ORDER

KENYA WHITEHEAD, a Pretrial Releasee in the above-styled criminal proceeding, appeared this day for a revocation hearing regarding the Petition for Action on Conditions of Pretrial Release. (Doc. 169). The Pretrial Releasee was represented by appointed counsel. The government was represented by the U.S. Attorney's office and previously moved to revoke Defendant's pretrial release. The Defendant, having waived her right to a preliminary hearing, requested a hearing on the government's motion for revocation.

The government proffered that on September 30, 2023, the Pretrial Releasee was involved in an altercation in which she drove her vehicle through a crowd of individuals, striking multiple individuals before leaving the scene. Several victims eventually required medical treatment. The Pretrial Releasee fled the scene of the incident before police could arrive. The government indicated the Pretrial Releasee did not inform the U.S. Probation Office about this incident.

The Pretrial Releasee called her cousin, Channel Whitehead, as a witness. Channel Whitehead testified she was present during the incident described by the government. She testified the Pretrial Releasee was being attacked by a crowd of people at the time of the incident and was merely attempting to leave the scene. Channel Whitehead testified she was leaving the scene in a

separate car at the time of the incident and was able to leave the parking lot through a different exit than the once used by the Pretrial Releasee. She testified that she advised the Pretrial Releasee to contact the police regarding the incident but claims the Pretrial Releasee was afraid of going to jail.

The Pretrial Releasee also called her aunt, Ms. Adetomiwa, as a witness. Ms. Adetomiwa testified she was not at the scene of the incident and was watching the Pretrial Releasee's son in her home. Like Channel Whitehead, she indicated the Pretrial Releasee was not the aggressor during the incident but was provoked and attempting to flee the scene out of fear. Ms. Adetomiwa indicated she had told the Pretrial Releasee to contact the police so that she could report the damage done to her vehicle during the incident. When asked whether the Pretrial Releasee would be a danger if released, Ms. Adetomiwa indicated the Pretrial Releasee wouldn't bother anyone if they didn't bother her.

After considering the testimony, the Court finds under 18 U.S.C. § 3148 that the government has shown probable cause that Defendant committed a felony while on pretrial release. Because the crime the Pretrial Releasee is alleged to have committed was a felony, there is a rebuttable presumption that there are no conditions that could be set to reasonably assure the Pretrial Releasee would not pose a danger to the community. The Court concludes that the Pretrial Releasee provided insufficient evidence to overcome this rebuttable presumption. Accordingly, Defendant's pretrial release is revoked.

Defendant is remanded to the custody of the United States Marshal. The Defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or

serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED**, this 4th day of December, 2023.

> s/ ***THOMAS Q. LANGSTAFF***
> UNITED STATES MAGISTRATE JUDGE